## LOAGUE & FISHER *v.* CITY OF MEMPHIS.

LEASE. *Surrender.* If the lessor of premises to a municipal corporation accept the surrender of the lease, the corporation making no objection to the surrender, it is immaterial whether the employee of the corporation who made the surrender was authorized to make it or not, and a provision in the lease that it could only be terminated by delivering possession clear of all goods, may be waived by the lessor.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. C. W. HEISKELL, J.

W. M. RANDOLPH for Loague & Fisher.

———— ———— for City.

COOPER, J., delivered the opinion of the court.

On May 1, 1870, plaintiffs leased to the defendant

certain premises as a station-house for the police until the 31st of December, 1871, at a rental of $833.33. One of the conditions of the lease was that the city was to remain liable for rent until the premises, with the keys thereof, cleared of all persons, goods and things, were tendered or delivered. The rent was paid under the lease, and the city continued to occupy the premises as a station-house until about the 1st of May, 1875, and paid rent at the rate of $500 a year until the 1st of January, 1875. On May 8, 1875, plaintiff Loague, who was then mayor of the city, received a note from the chief of the city police, advising him that the premises had been vacated, and were subject to his disposition. This letter was accompanied by the keys of the building. Loague put the keys in the drawer of his desk as mayor, and made no reply to the letter. Some property of the city was left in the building, and not entirely removed until about the end of the month of December, when it was done on the request of Loague. The jury found a verdict for the plaintiffs for the rent up to the 8th of May, 1875. And the plaintiffs have appealed in error.

The court charged the jury that if the defendant accepted the tender of the premises as owner, intending to terminate the lease, they should find for the defendant, but otherwise for the plaintiffs, and the burden of proof was on the defendant to show that the plaintiffs did accept the possession of the premises with the intent to terminate the lease. It is not denied that there is evidence to sustain the verdict.

It is assigned as error that his Honor refused to

charge that the board of police commissioners had no power, nor had the chief of police, under the charter of the city or any statute, to determine the lease by surrender, and, therefore, if the jury found that they delivered the keys without special authority, the verdict should be for the plaintiffs. But if the plaintiffs accepted the surrender, and no objection was ever made by the city, the general charge would have been correct, and the special request erroneous.

It is objected that the court also declined to charge that the lease, by its terms, could only be terminated by delivering possession cleared of all goods. But the clause of the lease to this effect was put in for the benefit of the lessors, and they might waive it.

The charge of the court upon the effect of Loague's acts was clearly correct.

Loague's testimony that he did not intend by accepting the keys to surrender the lease was admitted.

Affirm the judgment, the appellants paying the costs of this court.